IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JERMICHAEL LAMAR HART, | ) | |
| #17247-002, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 2:21-cv-577-WKW-SMD |
| | ) | [WO] |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff Jermichael Lamar Hart (Hart), an inmate currently incarcerated at the Talladega Federal Correctional Institution, brings this action under 28 U.S.C. § 2241. *Pet.* (Doc. 2) p. 2. He alleges that the Federal Bureau of Prisons (BOP) improperly denied him eight months and twenty-eight days of jail credit toward his time spent in federal custody. *Id.*

Under 28 U.S.C. § 2241, a federal prisoner may challenge the manner in which his sentence is executed through a petition for writ of habeas corpus. *Bishop v. Reno*, 210 F.3d 1295, 1304 (11th Cir. 2000). Such a petition "may be brought *only* in the district court for the district in which the inmate is incarcerated." *Fernandez v. United States*, 941 F.2d 1488, 1495 (11th Cir. 1991) (emphasis added); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004). Under 28 U.S.C. § 1631, a federal court that finds it lacks jurisdiction over a civil action may, if it is in the interest of justice, transfer such action to any other court in which the action could have been brought when it was filed.

Here, Hart is incarcerated in the Talladega Federal Correctional Institute, which is located in the Northern District of Alabama. Accordingly, this Court does not have jurisdiction to hear Hart's § 2241 petition. However, considering that Hart is proceeding pro se and could have filed his petition in the Northern District of Alabama, the undersigned finds that it is in the interest of justice to transfer this case to the United States District Court for the Northern District of Alabama. The undersigned therefore RECOMMENDS that this case be transferred to the United States District Court for the Northern District of Alabama under 28 U.S.C. § 1631.[1]

It is ORDERED that the parties shall file any objections to this Recommendation on or before **October 14, 2021**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which each objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation, and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH

---

[1] In filing his petition, Hart failed to pay the requisite filing fee or submit an application to proceed *in forma pauperis*. The undersigned concludes that assessment and collection of any filing fee should be undertaken by the United States District Court for the Norther District of Alabama.

CIR. R. 3-1; *see also Stein v. Lanning Secs., Inc.*, 667 F.2d 33 (11th Cir. 1982); *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 30th day of September, 2021.

Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE

3